**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| KYLE WAYNE KINDLE | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 5:23-CV-145-RWS-JBB |
| WARDEN, FCI-TEXARKANA | § | |
| | § | |
| Respondent. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Kyle Kindle, proceeding *pro se*, filed the above-styled and numbered petition for the writ of habeas corpus purportedly seeking a "statutory interpretation." Docket No. 1. Specifically, he poses the question of whether, in light of 18 U.S.C. § 3585 and the Interstate Agreement on Detainers, a federal sentence begins to run immediately after a state sentence is completed, even if the inmate is not immediately transferred into federal custody but is held in state custody past his state sentence completion date. *Id.* The case was referred to the United States Magistrate Judge in accordance with 28 U.S.C. § 636.

After reviewing the pleadings, the Magistrate Judge issued a Report and Recommendation on February 26, 2026, recommending that the petition be dismissed. Docket No. 12. The Magistrate Judge determined that the time credits which Petitioner was seeking for his federal sentence had been credited to a state sentence from Grayson County, Texas, and thus could not also be credited to his federal sentence under 18 U.S.C. § 3585(b) (time credits cannot be applied to a federal sentence if they have been credited to another sentence). *Id.* at 3.

A copy of the Report and Recommendation was sent to Petitioner at his last known address but has been returned as undeliverable. Docket No. 13. To date, Petitioner has not advised the Court

of his current mailing address. Local Rule CV-11(d) of the Local Rules of Court for the Eastern District of Texas requires that a *pro se* litigant must provide the Court with a physical address and is responsible for keeping the Clerk of Court advised in writing of his current physical address. The Court has no duty to locate litigants who do not keep the court apprised of their current address. *Ashlock v. Kelley*, No. 5:17-cv-00209, 2019 WL 2578628, at *1 (E.D. Tex. June 24, 2019).

No objections to the Report and Recommendation were filed. Because no objections have been filed, Petitioner is barred from *de novo* review by the District Court of the Magistrate Judge's findings, conclusions, and recommendations; and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the District Court. *See Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017); *Arriaga v. Laxminarayan*, Case No. 4:21-CV-00203-RAS, 2021 WL 3287683, at *1 (E.D. Tex. July 31, 2021).

The Court has reviewed the pleadings in this case and the Report and Recommendation of the Magistrate Judge. Upon such review, the Court has determined the Report and Recommendation of the Magistrate Judge is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (where no objections to a Magistrate Judge's report and recommendation are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law."). Accordingly, it is

**ORDERED** that the Report and Recommendation of the Magistrate Judge (Docket No. 12) is **ADOPTED** as the opinion of the District Court.  It is further

**ORDERED** that the above-styled petition for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that any and all motions which may be pending in this civil action are hereby

**DENIED-AS-MOOT**.

**So ORDERED and SIGNED this 6th day of April, 2026.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE